VINICKY et al., Appellees,

v.

PRISTAS et al., Brecksville–Broadview Heights City
School District Board of Education, Appellant.

[Cite as *Vinicky v. Pristas,* 163 Ohio App.3d 508, 2005-Ohio-5196.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 85701.

Decided Sept. 29, 2005.

Bashein & Bashein Co., L.P.A., and W. Craig Bashein;  Paul W. Flowers Co., L.P.A., and Paul W. Flowers, for appellees.

510

Britton, Smith, Peters & Kalail Co., L.P.A., David K. Smith, and Sherrie D. Claybourne, for appellant.

COLLEEN CONWAY COONEY, Judge.

{¶ 1} Defendant-appellant, Brecksville–Broadview Heights City School District Board of Education ("school"), appeals the trial court's denial of its motions for judgment on the pleadings. Finding no merit to the appeal, we affirm.

{¶ 2} In 2004, plaintiffs-appellees, Kevin Vinicky Jr. ("Kevin"), Kevin Vinicky Sr., and Joy Vinicky filed an action against the school and other individuals alleging sexual assault, battery, negligent and intentional infliction of emotional distress, negligent supervision, parental statutory liability, civil hazing, and loss of consortium. These allegations arise from an incident that occurred in 2003 at Brecksville–Broadview Heights High School. The school moved for judgment on the pleadings with regard to the complaint and cross-claims, arguing that it is a political subdivision and, thus, statutorily immune from liability. It further claimed that no cause of action raised could be supported because of the school's immunity and that the claim for hazing fails because the Vinickys could prove no set of facts to support their claim. The trial court denied the school's motions.[1] The school appeals, raising two assignments of error, which will be addressed out of order.

Standard of Review

{¶ 3} A reviewing court analyzes a trial court's decision denying judgment on the pleadings de novo. *Thomas v. Byrd–Bennett* (Dec. 6, 2001), Cuyahoga App. No. 79930, 2001 WL 1557516, citing *Drozeck v. Lawyers Title Ins. Corp.* (2000), 140 Ohio App.3d 816, 820, 749 N.E.2d 775. The determination of a motion for judgment on the pleadings is limited solely to the allegations in the pleadings and any writings attached to the pleadings. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165, 63 O.O.2d 262, 297 N.E.2d 113. Pursuant to Civ.R. 12(C), "dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 569, 664 N.E.2d 931. The very nature of a Civ.R. 12(C) motion is to resolve solely questions of law. *Duff v. Coshocton Cty. Bd. of Commrs.*, Coshocton App. No.

---

1. The court also granted the Vinickys leave to file an amended complaint. However, only the original complaint will be considered in the instant appeal because the amended complaint was filed after the court denied the school's motion.

03–CA–019, 2004-Ohio-3713, 2004 WL 1563404, citing *Peterson,* supra at 166, 63 O.O.2d 262, 297 N.E.2d 113.

{¶ 4} With these principles in mind, we proceed to address the school's assignments of error.

### Hazing and Loss–of–Consortium Claims

{¶ 5} In its second assignment of error, the school argues that the trial court erred in denying its motions for judgment on the pleadings because the Vinickys failed to properly state claims of hazing and loss of consortium.

{¶ 6} Under Civ.R. 8, Ohio has abandoned the practice of fact pleading and has embraced notice pleading. *Harris v. Bialecki* (June 30, 1995), Lucas App. No. L–94–319, 1995 WL 386443. Civ.R. 8(A) requires only "(1) a short and plain statement of the claim showing that the party is entitled to relief, and (2) a demand for judgment for the relief to which the party claims to be entitled." See, also, *Illinois Controls, Inc. v. Langham* (1994), 70 Ohio St.3d 512, 639 N.E.2d 771. Thus, a plaintiff is not required to prove his or her case at the pleading stage and need only give reasonable notice of the claim. *State ex rel. Harris v. Toledo* (1995), 74 Ohio St.3d 36, 656 N.E.2d 334. Outside of a few exceptions, none of which apply here, a complaint need not contain more than "brief and sketchy allegations of fact to survive a motion to dismiss under the notice pleading rule." *York v. Ohio State Highway Patrol* (1991), 60 Ohio St.3d 143, 146, 573 N.E.2d 1063. The simplified notice-pleading standard relies on liberal discovery rules and summary-judgment motions to define disputed facts and issues to dispose of nonmeritorious claims. *Duff,* supra at ¶ 32, citing *Conley v. Gibson* (1957), 355 U.S. 41, 47–48, 78 S.Ct. 99, 2 L.Ed.2d 80.

{¶ 7} R.C. 2307.44 provides for civil liability for hazing. It states:

[A]ny person who is subjected to hazing * * * may commence a civil action for injury or damages, including mental and physical pain and suffering, that result from hazing. The action may be brought against any participants in the hazing * * *. If the hazing involves students in a * * * secondary, * * * school * * * or any other educational institution, an action may also be brought against any administrator, employee, or faculty member of the school, * * * who knew or reasonably should have known of the hazing and who did not make reasonable attempts to prevent it and against the school, * * *. If an administrator, employee, or faculty member is found liable in a civil action for hazing, * * * the school, * * * that employed the administrator, employee, or faculty member may also be held liable.

{¶ 8} R.C. 2903.31(A) defines the criminal act of hazing as "doing any act or coercing another, including the victim, to do any act of initiation into any student

or other organization that causes or creates a substantial risk of causing mental or physical harm to any person."

{¶ 9} In the instant case, the school argues that the complaint fails to claim that the alleged assault was done as a means of initiating Kevin into "any student or other organization." In support of their argument, the school cites *Duitch v. Canton City Schools*, 157 Ohio App.3d 80, 2004-Ohio-2173, 809 N.E.2d 62, which held that the students' actions did not amount to hazing because the actions "did not constitute initiation into any student or other organization."

{¶ 10} We find the procedural context of *Duitch* distinguishable. In *Duitch*, the court examined whether genuine issues of material fact existed that would preclude summary judgment. However, in the instant case, we are merely considering whether the complaint sets forth sufficient and reasonable notice to the school of the claims that the Vinickys are pursuing and whether the allegations set forth circumstances for which the Vinickys would be entitled to relief.

{¶ 11} The complaint alleges that Kevin was the victim of a sexual assault that "took place during a School organized and sanctioned event and/or after School activity in the Brecksville–Broadview Heights High School" that caused him physical and mental harm. The complaint also alleges that the school was negligent in "supervising the student activity inside the high school where the alleged assault occurred and adopting standards and safeguards necessary to deter and prevent such crimes" and for failing to "provide a faculty member to monitor the school student activity or event." Count five of the complaint also alleges "civil hazing," claiming that the students "perpetrated hazing" in "direct violation of R.C. 2903.31," and that the school failed to undertake appropriate measures to deter or prevent the "hazing activities" that were "encouraged and facilitated on school grounds."

{¶ 12} We find that the complaint reasonably sets forth a claim of hazing, which would sufficiently put the school on notice that such a claim is being pursued. The complaint alleges that a sexual attack occurred on school grounds during a school event or activity that was inadequately monitored. The complaint further alleges that the attack was a "hazing activity."

{¶ 13} The Ohio Supreme Court has held that the failure to set forth each element of a cause of action with "crystalline specificity" does not subject a complaint to dismissal. *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 81, 537 N.E.2d 641, citing *Border City S. & L. Assn. v. Moan* (1984), 15 Ohio St.3d 65, 66, 15 OBR 159, 472 N.E.2d 350. However, it will be incumbent on the Vinickys to establish all the elements of their claims in order to prevail on the merits. We find that the complaint is sufficient to survive the school's motion under Ohio's notice-pleading rules.

{¶ 14} Therefore, the trial court did not err in denying the school's motion for judgment on the pleadings. Because we find that the Vinickys' complaint gives sufficient notice to the school of the claim of hazing, the complaint also gives sufficient notice to the school of the claim of loss of consortium. See *Bowen v. Kil–Kare, Inc.* (1992), 63 Ohio St.3d 84, 92–93, 585 N.E.2d 384 (loss of consortium is a derivative claim that can be maintained only if the primary cause of action is proven). Additionally, because the school's motion for judgment on the pleadings was properly denied regarding the complaint, it was also properly denied regarding the cross-claims filed by the other defendants.

{¶ 15} Accordingly, the school's second assignment of error is overruled.

### Immunity

{¶ 16} In its first assignment of error, the school argues that the trial court erred in denying its motion for judgment on the pleadings because the school is immune from liability and no exception to that immunity exists.

{¶ 17} The Ohio Supreme Court has set forth a three-tiered analysis for determining whether a political subdivision is immune from liability. *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610. Political subdivisions have been given a broad grant of immunity pursuant to R.C. 2744.02. R.C. 2744.02(A)(1) provides that a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons allegedly caused by an act or omission of the subdivision or its employee in connection with a governmental or proprietary function.

{¶ 18} However, the immunity afforded to a political subdivision is not absolute, but instead is subject to five exceptions under R.C. 2744.02(B). If an exception exists, immunity can be reinstated if the political subdivision can successfully argue that one of the defenses contained in R.C. 2744.03 applies. *Cater,* supra. See, also, *Maxel v. Cleveland Hts.* (Sept. 30, 1999), Cuyahoga App. No. 74851, 1999 WL 777864; *Davis v. Cleveland,* Cuyahoga App. No. 83665, 2004-Ohio-6621, 2004 WL 2829027.

{¶ 19} In the instant case, the school is a political subdivision because it provides a public education, thus serving a governmental function. R.C. 2744.01(C)(2)(c); R.C. 2744.01(F). The school concedes that it was engaged in a governmental function at the time the alleged injury occurred. Therefore, the school is immune from liability under R.C. 2744.02(A)(1) unless the alleged acts or omissions fall within one of the five general immunity exceptions under R.C. 2744.02(B).

{¶ 20} The relevant exception in the instant matter is found in R.C. 2744.02(B)(5), which provides:

In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term 'shall' in a provision pertaining to a political subdivision.

{¶ 21} R.C. 2307.44 sets forth a cause of action for civil liability for hazing in which an educational institution, including a high school, may be held liable for damages as a result of the hazing. Having found that the school is a political subdivision and that the complaint sufficiently sets forth a cognizable claim for civil hazing, R.C. 2744.02(B)(5) provides an exception to the school's blanket immunity.

{¶ 22} However, the immunity may be reinstated if the school can successfully argue that one of the defenses contained in R.C. 2744.03 applies. *Cater*, supra. The school has not set forth any defenses for this court to consider.

{¶ 23} Therefore, we find that an exception to the school's general immunity exists and, thus, the trial court properly denied the school's motions for judgment on the pleadings. Finding that the school is not immune from liability, we need not address the Vinickys' argument challenging the constitutionality of R.C. Chapter 2744.[2]

{¶ 24} Accordingly, the first assignment of error is overruled.

Judgment affirmed.

SWEENEY, P.J., and ROCCO, J., concur.

---

2. We also find that the sanctions requested by the Vinickys are not justified in this matter. As previously stated, we reviewed only the original complaint and did not consider the amended complaint. Therefore, we find that sanctions are not warranted, because there were reasonable grounds for the appeal.