OPINION
{¶ 1} In this accelerated calendar case, appellant, Cecil King, appeals the judgment entered by the Lake County Court of Common Pleas. The trial court denied King's motion to reinstate a discrimination case against his former employer.
 {¶ 2} In December 2002, King filed a complaint against appellee, Ricerca Biosciences, LLC ("Ricerca"). Ricerca is King's former employer. King's complaint alleged, among other claims, race and age discrimination. This action was assigned case No. 02 CV 002244. On March 29, 2004, King, through counsel, voluntarily dismissed the complaint pursuant to Civ.R. 41(A).
 {¶ 3} On March 25, 2005, King filed a pro se motion captioned "motion to reinstate case # 02CV002244." In the motion, King set forth nine factual paragraphs. In addition, he advanced five "claims," which included allegations of age and race discrimination. Stamped on the motion is an indication from the clerk of courts' office that King deposited $75 to file the motion.
 {¶ 4} On April 5, 2005, the trial court denied King's motion. The trial court found that the civil rules did not provide for the reinstatement of a previously dismissed case.
 {¶ 5} King has timely appealed the trial court's judgment entry to this court.
 {¶ 6} In its appellate brief, appellee argues that King's appellate brief should be dismissed because it was untimely filed. Appellee notes King's brief was filed sixteen days after the record was filed, beyond the fifteen-day deadline prescribed for accelerated calendar cases.[1] However, App.R. 14(C) provides an additional three days if the document was served by mail. Thus, King's appellate brief was timely filed, and we will proceed to the merits of the appeal.
 {¶ 7} King raises the following assignment of error for our consideration:
 {¶ 8} "The trial court erred to the prejudice of plaintiff-appellant in failing to allow him to reopen his case when the clerk of courts as noted by way of affidavit in his motion for reconsideration directed plaintiff to file his case with the same case number, and said court refused to simply assign the case another number as seen in the court's entry."
 {¶ 9} Following his voluntary dismissal of his original complaint, King had one year to refile his case pursuant to R.C.2305.19, which provides, in part:
 {¶ 10} "(A) In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff * * * may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statue of limitations, whichever occurs later."
 {¶ 11} "A voluntary dismissal pursuant to Civ.R. 41(A)(1) constitutes a failure otherwise than upon the merits within the meaning of the savings statute, R.C. 2305.19."[2] Further, R.C. 2305.19 applies to discrimination claims filed under R.C. 4112.[3]
 {¶ 12} The Supreme Court of Ohio has held that R.C. 2305.19
"is a remedial statute and is to be given a liberal construction to permit the decision of cases upon their merits rather than upon mere technicalities of procedure."[4]
 {¶ 13} We note that R.C. 2305.19 provides that a plaintiff may "commence a new action." King's motion sought to reinstate the prior, dismissed case. However, by filing the motion, King invoked the jurisdiction of the trial court within one year of the voluntary dismissal of the original case. We conclude the trial court's entry dismissed King's motion on a mere technicality of procedure. We believe this to be an appropriate instance to apply R.C. 2305.19 liberally to allow King's claims to be addressed on their merits. The outright dismissal of King's motion was prejudicial, in that the trial court's judgment entry was entered on April 5, 2005, beyond the one-year deadline for the savings statute.
 {¶ 14} Moreover, while it was not captioned as a complaint, King's motion met many of the requirements of a formal complaint. We note that "Ohio is a notice-pleading state."[5] Thus, "a complaint need only contain `a short and plain statement of the claim showing that the party is entitled to relief.'"[6] In addition, the complaint shall contain "a demand for judgment."[7]
 {¶ 15} Generally, "a complaint need not contain more than `brief and sketchy allegations of fact to survive a motion to dismiss under the notice pleading rule.'"[8] King's pleading set forth sufficient factual allegations to meet the requirements of a complaint. Also, the pleading specifically set forth five claims. The only thing missing from the pleading was a demand for judgment. However, King was attempting to reinstate his prior case, and the demand for judgment is incorporated by reference to the original complaint. In his original complaint, King sought compensatory and punitive damages.
 {¶ 16} Civ.R. 8(F) provides "[a]ll pleadings shall be so construed as to do substantial justice." In Highland Cty. Bd. ofCommrs. v. Fasbender, the Fourth Appellate District, citing Civ.R. 8(F), held that the trial court should have construed the pro se defendant's "affidavit" as an answer.[9] The court reasoned that while the defendant's affidavit did not contain all of the formal requirements of an answer, the pleading was clearly intended to deny the allegations of the complaint.[10]
Therefore, the Fourth District concluded, in light of the notion that the "spirit behind the Civil Rules is to resolve cases upon their merits and not upon pleading deficiencies," that the defendant's affidavit should be construed as an answer.[11]
 {¶ 17} Likewise, in the case at bar, King's pleading clearly suggested that he was seeking relief from Ricerca. The document contained many of the formal requirements of a complaint. Further, the fact that the clerk's office apparently charged King to file the pleading indicates King and the clerk of courts employee were under the impression that he was filing a new action. As such, King's pleading should have been construed as a complaint.
 {¶ 18} After reviewing King's motion, it is readily apparent that he sought to resume litigating his race and age discrimination claims against Ricerca. King's failure to know that the "new" proceedings were required to be commenced under a new case number, rather than under the prior case number, should not preclude him from advancing his claims. Due to the fact that R.C. 2305.19 is to be liberally construed to allow cases to be decided on their merits,[12] pleadings shall be "construed as to do substantial justice,"[13] and the spirit of the civil rules is to decide cases on their merits instead of procedural deficiencies,[14] the trial court erred by dismissing King's pleading.
 {¶ 19} Our holding in this matter is limited to the unique facts and circumstances of this case.[15]
 {¶ 20} King's assignment of error has merit.
 {¶ 21} The judgment of the trial court is reversed. This matter is remanded for further proceedings consistent with this opinion.
Ford, P.J., O'Toole, J., concur.
[1] See Loc.R. 4(D) of the Eleventh Appellate District. (Subsequent to the filing of King's brief, this rule has been renumbered as Loc.R. 11.1(D).)
[2] Frysinger v. Leech (1987), 32 Ohio St.3d 38, paragraph two of the syllabus.
[3] Osborne v. AK Steel/Armco Steel Co., 96 Ohio St.3d 368,2002-Ohio-4846, syllabus.
[4] Cero Reality Corp. v. Am. Manufacturers Mut. Ins. Co.
(1960), 171 Ohio St. 82, paragraph one of the syllabus.
[5] Cincinatti v. Beretta U.S.A. Corp., 95 Ohio St.3d 416,2002-Ohio-2480, at ¶ 29.
[6] Id., quoting Civ.R. 8(A)(1).
[7] Civ.R. 8(A)(1).
[8] Vinicky v. Pristas, 163 Ohio App.3d 508, 2005-Ohio-5196, at ¶ 6, quoting York v. Ohio State Highway Patrol (1991),60 Ohio St.3d 143, 146.
[9] Highland Cty. Bd. of Commrs. v. Fasbender (July 28, 1999), 4th Dist. No. 98CA24, 1999 Ohio App. LEXIS 3565, at *14-18.
[10] Id. at *14-16.
[11] Id. at *18, citing State ex rel. Huntington Ins. Agency,Inc. v. Duryee (1995), 73 Ohio St.3d 530, 533 and AMCAInternatl. Corp. v. Carlton (1984), 10 Ohio St.3d 88, 91.
[12] Cero Reality Corp. v. Am. Manufacturers Mut. Ins. Co.,
supra.
[13] Civ.R. 8(F).
[14] State ex rel. Huntington Ins. Agency, Inc. v. Duryee,73 Ohio St.3d at 533.
[15] See, e.g., State ex rel. Stys v. Parma Community Gen.Hosp. (2001), 93 Ohio St.3d 438, 443.