OPINION
{¶ 1} Appellant John Reznickcheck ("Reznickcheck") appeals from the May 31, 2007 Judgment of the Court of Common Pleas of Marion County, Ohio.
 {¶ 2} On December 29, 2006 Reznickcheck, an inmate at the North Central Correctional Institution ("NCCI"), filed a complaint in the Marion County Court of Common Pleas pursuant to 42 U.S.C. § 1983 against North Central Correctional Institution, NCCI Warden Robert Jefferys, Institutional Inspector Terry Knight, Officer Ronald Kegley, Officer Tammy Adams, Officer Joel Kessler, Lab Technician Cammie Ballenger, and Nurse Teresa Moore (referred to hereinafter collectively as "defendants"). Reznickcheck asked the court, in his complaint, to issue an injunction prohibiting the named defendants from harassing him or transfer him to another institution, requested monetary damages, and requested the court deem the inmate grievance procedure void.
 {¶ 3} This complaint was based on what Reznickcheck claims was a search of his property conducted for the sole purpose of harassing and humiliating him. On the morning of June 5, 2006 Reznickcheck reported to his job as a porter in the medical unit of NCCI. With the permission of his supervisor he returned to his housing unit to speak to a staff member in the unit.
 {¶ 4} After speaking with this staff member Reznickcheck returned to his cell and found Officer Hughes conducting a search of his property. Hughes told *Page 3 
Reznickcheck that he was instructed by Officer Adams to search Reznickcheck's cell on information that an ink cartridge had been stolen from the office of Lab Technician Cammie Ballenger. After the search was completed and nothing was found, Reznickcheck reorganized his cell and returned to the medical unit. Reznickcheck then spoke with Officer Kegley who indicated that he did not believe Reznickcheck stole the cartridge and that he would have searched him before he left medical.
 {¶ 5} According to Reznickcheck, Officer Adams believed that Nurse Green let Reznickcheck into Ballenger's office over the weekend to have access to the cartridge. Reznickcheck then alleges in his complaint that he told Officer Adams that her allegations were unsubstantiated and that he had spoken to the Warden about these allegations.
 {¶ 6} None of the other four porters were searched for the missing ink cartridge. Officer Kessler suggested Reznickcheck file an Informal Complaint Resolution. Reznickcheck alleges that later that day, he overheard Officer Kessler, Officer Kegley, and Nurse Moore discussing that Officer Adams had told them that Nurse Green let Reznickcheck into the office to remove the ink cartridge. On June 7, 2006 Reznickcheck filed an Informal Complaint. Warden Jefferys responded to the informal complaint by stating that all inmates are subject to search at any time.
 {¶ 7} Reznickcheck then filed a formal grievance. Inspector Terry Knight also responded that all inmates are subject to search at any time. This decision was affirmed *Page 4 
by Assistant Chief Inspector Don Coble. Reznickcheck argues that the search was for the sole purpose of harassing and humiliating him. Furthermore, he states that he now has to leave the medical until whenever Officer Adams is present and that this incident created significant hardships for him and Nurse Green.
 {¶ 8} The defendants responded on February 26, 2007 answering Reznickcheck's complaint and moving that the court dismiss the complaint with prejudice as frivolous. Reznickcheck began seeking discovery on December 29, 2006 and continued to seek discovery throughout the life of the complaint. On April 19, 2007 defendants moved for judgment on the pleadings. On April 24, 2007 Reznickcheck filed a motion to amend his complaint in order to bring in an additional defendant, and also filed a response to the defendants' motion for judgment on the pleadings.
 {¶ 9} On May 31, 2007 the trial court entered a judgment on the pleadings and dismissed all claims in favor of the defendants with all other pending motions rendered moot.
 {¶ 10} Reznickcheck now appeals, asserting two assignments or error.
 ASSIGNMENT OF ERROR I JUDGMENT ON THE PLEADINGS IS CONTRARY TO FEDERAL RULE 8(A)
 ASSIGNMENT OF ERROR II TRIAL COURT ABUSE IT'S (SIC) DISCRETION IN NOT ALLOWING PLAINTIFF TO AMEND HIS COMPLAINT BEFORE A MOTION TO DISMISS WAS RULED ON *Page 5 
 {¶ 11} In his first assignment of error, Reznickcheck argues that the trial court erred in entering judgment on the pleadings. Appellate review of a motion for judgment on the pleadings is de novo. Chromik v.Kaiser Permanente, 8th Dist. No. 89088, 2007-Ohio-5856
at ¶ 6. Civ.R. 12(C) states that "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."
 {¶ 12} Under Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief.State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 664 N.E.2d 931, 1996-Ohio-459. Thus, the granting of a judgment on the pleadings is only appropriate where the plaintiff has failed to allege a set of facts which, if true, would establish the defendant's liability. Walters v. First National Bank of Newark (1982),69 Ohio St.2d 677, 433 N.E.2d 608.
 {¶ 13} In the present case, Reznickcheck claims that the defendants violated his rights pursuant to U.S.C. § 1983 which provides:
 Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or *Page 6 omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.
 {¶ 14} We first address the limitations of 42 U.S.C. § 1983, as noted by the trial court. The United States Supreme Court has previously held that a state agency is not a person under the meaning of § 1983 and cannot be the subject of this type of action. Will v. Michigan Dept. ofState Police (1989), 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45. Based on the holding of Will, the North Central Correctional Institute was not properly a defendant in this case and with respect to NCCI, judgment on the pleadings was proper.
 {¶ 15} Next, we address the propriety of judgment on the pleadings with respect to the remaining defendants: Warden Jefferys, Inspector Knight, Officer Kegley, Officer Keasler, Officer Adams, Lab Technician Ballenger, and Nurse Moore. With respect to the actions against Warden Jefferys, Inspector Knight, Officer Kegley, Officer Keasler, Lab Technician Ballenger, and Nurse Moore, Reznickcheck's § 1983 action is based on the doctrine of respondeat superior. Monell v. Department ofSocial Services of City of New York (1978), 436 U.S. 658, 692,98 S.Ct. 2018. Specifically, the Monell court found that § 1983
 cannot be easily read to impose liability vicariously on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor. Indeed, the fact that Congress did specifically provide that A's tort became B's liability if B "caused" A to subject another to a tort suggests that Congress did not intend § 1983 liability to attach where such causation was absent. *Page 7 
Moreover, the Court found that vicarious liability could be imposed only where an employer's policy fell at the root of the claimed § 1983 violation. Otherwise, employees or supervisors cannot be held liable for § 1983 violations.
 {¶ 16} Courts have also recognized that failure to supervise is insufficient to support an action under § 1983.
 [I]t appears that the Supreme Court has held that a 1983 action will not lie against police supervisory officers for failure to prevent police misconduct, absent a showing of direct responsibility for the improper action. See Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); Kostka v. Hogg, 560 F.2d 37 (1st Cir. 1977). What is required is a causal connection between the misconduct complained of and the official sued. See McClelland v. Facteau, 610 F.2d 693 (10th Cir. 1979). "Liability may be found only if there is personal involvement of the officer being sued." Watson v. Interstate Fire Casualty Co., 611 F.2d 120, 123 (5th Cir. 1980).
Harris v. Pirch (8th Cir. 1982), 677 F.2d 681, 685. Here we have no allegation or evidence that Warden Jefferys, Inspector Knight, Officer Kegley, Officer Keasler, Lab Technician Ballenger, or Nurse Moore ordered the search of Reznickcheck's cell or participated in events intended to cause the search. The Rizzo case requires that there must be a direct causal link between the acts of individual officers and the supervisory defendants. Rizzo v. Goode, 423 U.S. 362, 370-71,96 S.Ct. 598, 603-604. Without a direct link between the actions of Warden Jefferys, Inspector Knight, Officer Kegley, Officer Keasler, Lab Technician Ballenger, or Nurse Moore and the search of the cell we find that with respect to these defendants judgment on the pleadings was proper. *Page 8 
 {¶ 17} We now turn to the remaining defendant, Officer Adams, who ordered the search, and the merits of Reznickcheck's claim that the search was conducted for the sole purpose to humiliate and harass.
 {¶ 18} The United States Supreme Court has addressed searches of prison cells and held "that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer (1984), 468 U.S. 517,526, 104 S.Ct. 3194, 82 L.Ed.2d 393. The Hudson court further held that "[t]he recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions."
 {¶ 19} Because prison cells are not protected under the Fourth Amendment against unreasonable searches and seizures, Reznickcheck's contention that the search violated the Fourth Amendment fails. Reznickcheck also contends that the search violated the Eighth Amendment, alleging deliberate indifference.
 {¶ 20} In Farmer v. Brennan, the United States Supreme Court articulated a two part test for determining if prison officials violated the Eighth Amendment.
 First, the deprivation alleged must be, objectively, sufficiently serious," . . . The second requirement follows from the principle that "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Page 9 
511 U.S. 825, 834, 114 S.Ct. 1970. Here we have a difficult time imagining how a single cell search meets either of those criteria. The search, which Reznickcheck has no Fourth Amendment protection against, was not a serious offense. Moreover, a single search does not constitute an "unnecessary and wanton infliction of pain."
 {¶ 21} We find that judgment on the pleadings was appropriate in the present case, as even with all reasonable inferences drawn for Reznickcheck he could prove no set of facts that would entitle him to relief. For the foregoing reasons, Reznickcheck's first assignment of error is overruled.
 {¶ 22} In his second assignment of error Reznickcheck argues that the trial court abused its discretion by not allowing him to amend his complaint. The standard of review for a trial court's decision on a motion to amend a complaint is an abuse of discretion standard.Wilmington Steel Products, Inc. v. Cleve. Elec. Illum. Co. (1991),60 Ohio St.3d 120, 122, 573 N.E.2d 622. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted "unreasonably, arbitrarily, or unconscionably." Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 23} Civil Rule 15(A) provides for the amendment of pleadings stating:
 A party may amend his pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, he may so amend it at any time within twenty-eight days after it is served. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse *Page 10 party. Leave of court shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within fourteen days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.
 {¶ 24} Here, the defendants filed their answer on February 26, 2007. Reznickcheck attempted to amend his complaint on April 24, 2007. Reznickcheck's attempt to amend his complaint was clearly untimely. Moreover, Reznickcheck did not seek leave of the court or consent of the defendants to amend his complaint until a Motion for Judgment on the Pleadings was already pending before the court. Leave to amend is not always freely given when the time for amendment has run and the court is contemplating trial or other action. Wilmington Steel Products, Inc. v.Cleve. Elec. Illum. Co., 60 Ohio St.3d at 122.
 {¶ 25} An examination of Reznickcheck's amended complaint does not reveal any factual information concerning his original complaint. Rather, Reznickcheck alleges comments made by an Officer Pigg stating that his current claim was frivolous. The comments, although possibly inappropriate, provide no support to the present case. Moreover, Reznickcheck relies on nothing more than speculation with regard to any relation these comments may have had to the original cause of action, arguing that gossip among the Officers provided Pigg with knowledge of the current complaint. Therefore, we find that, as no leave or consent to amend was sought, the motion to amend was properly dismissed as moot when the court entered judgment on the pleadings. *Page 11 
 {¶ 26} Accordingly, Reznickcheck's second assignment of error is overruled. The judgment of the Court of Common Pleas of Marion County, Ohio is affirmed.
Judgment affirmed.
 ROGERS, P.J., and WILLAMOWSKI, J., concur. *Page 1