WENCHO et al., Appellees,

v.

LAKEWOOD SCHOOL DISTRICT et al., Appellants.

[Cite as *Wencho v. Lakewood School Dist.*, 177 Ohio App.3d 469, 2008-Ohio-3527.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 89928.

Decided May 29, 2008.

John J. Chambers and James W. Burke Jr., for appellees.

McGown & Markling Co., L.P.A., Elizabeth Taylor Grooms, and Matthew J. Markling, for appellants.

---

ANN DYKE, Judge.

{¶ 1} Defendants Lakewood School District, Superintendent David Estrop, Principal Eugene Hancock, and Counselor Abby O'Connor appeal from the order of the trial court that denied their motion for judgment on the pleadings in connection with a complaint filed by plaintiff Michael Wencho. For the reasons set forth below, we affirm.

{¶ 2} On March 8, 2007, plaintiff filed this action against the above-named defendants, naming Hancock and O'Connor in both their individual and official capacities, and John Doe and Jane Doe. Plaintiff alleged that in August 2005, he "became a new sixth grade student at Harding Middle School"; that he was subject to a pattern of violence and threats beginning at this time and culminating in an attack on March 8, 2006; that he and his parents complained to defendant O'Connor and others; that the attackers were not disciplined; that defendants took no action to assist him; that defendant O'Connor attributed plaintiff's problems to his own inability to deal with stress and anxiety; and that defendants' conduct was willful, wanton, and reckless. Plaintiff set forth claims for negligence, negligent infliction of emotional distress, and assault.

{¶ 3} In response to the complaint, defendants denied liability and also moved for judgment on the pleadings and asserted, among other things, that they were entitled to immunity under R.C. Chapter 2744. Plaintiff did not file a brief in opposition, but the trial court denied the motion. Defendants now appeal assigning three errors for our review.

{¶ 4} Defendants' first and second assignments of error are interrelated and state:

{¶ 5} "Defendant–Appellant Lakewood City School District is entitled to the benefits of statutory immunity under R.C. Chapter 2744.

{¶ 6} "Defendants–Appellants Superintendent David C. Estrop, Principal Eugene Hancock, and Guidance counselor Abby O'Connor are entitled to their respective benefits of statutory immunity under R.C. Chapter 2744."

{¶ 7} As an initial matter, we note that when a trial court denies a motion in which a political subdivision or its employee seeks immunity under R.C. Chapter 2744, that order denies the benefit of an alleged immunity and thus is a final, appealable order pursuant to R.C. 2744.02(C). See *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878.

{¶ 8} We also note that we employ a de novo standard of review in evaluating rulings on motions filed pursuant to Civ.R. 12(C). *Reznickcheck v. N. Cent. Corr. Inst.*, Marion App. No. 9–07–22, 2007-Ohio-6425, 2007 WL 4225496. Under Civ.R. 12(C), dismissal is appropriate when a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. Id. The Ohio Supreme Court has held that the failure to set forth each element of a cause of action with "crystalline specificity" does not subject a complaint to dismissal. *Vinicky v. Pristas*, 163 Ohio App.3d 508, 2005-Ohio-5196, 839 N.E.2d 88, citing *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 81, 537 N.E.2d 641, citing *Border City S. & L. Assn. v. Moan* (1984), 15 Ohio St.3d 65, 66, 15 OBR 159, 472 N.E.2d 350.

{¶ 9} In determining whether a political subdivision will be immune from liability, a three-tiered analysis is employed. The Supreme Court in *Elston v. Howland Local Schools*, 113 Ohio St.3d 314, 2007-Ohio-2070, 865 N.E.2d 845, explained as follows:

{¶ 10} "The first tier provides a general grant of immunity, stating that 'a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a

governmental or proprietary function.' R.C. 2744.02(A)(1). In this case, it is undisputed that Howland Local Schools is a political subdivision as defined in R.C. 2744.01(F), that Eschman is a teacher and baseball coach employed by the school district, who acted within the scope of his employment, and that '[t]he provision of a system of public education' as well as the 'operation of any school athletic facility, school auditorium, or gymnasium' are governmental functions pursuant to R.C. 2744.01(C)(2)(c) and (u). Therefore, the general grant of immunity contained in R.C. 2744.02(A)(1) applies in this case.

{¶ 11} "The second tier in an immunity analysis focuses on the exceptions to immunity located in R.C. 2744.02(B). * * *

{¶ 12} "Finally, in the third tier of the analysis, immunity may be reinstated if a political subdivision can successfully assert one of the defenses to liability listed in R.C. 2744.03. See *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610."

{¶ 13} In this matter, the school board maintains that it is immune under the general grant of immunity set forth in R.C. 2744.02 because it is a political subdivision engaged in a governmental function under R.C. 2744.01(C).

{¶ 14} As to whether there is an exception to immunity under R.C. 2744.02(B), we note that R.C. 2744.02(B)(4) and (5) are relevant herein and provide:

{¶ 15} "(4) Except as otherwise provided in section 3746.24 of the Revised Code, political subdivisions are liable for injury, death, or loss to person or property that is caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, including, but not limited to, office buildings and courthouses, but not including jails, places of juvenile detention, workhouses, or any other detention facility, as defined in section 2921.01 of the Revised Code."

{¶ 16} "(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Civil liability shall not be construed to exist under another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon a political subdivision, because that section provides for a criminal penalty, because of a general authorization in that section that a political subdivision may sue and be sued, or because that section uses the term 'shall' in a provision pertaining to a political subdivision."

{¶ 17} R.C. 2744.02(B)(4) was amended in 2003 to add the clause "due to physical defects within or on the grounds of, buildings." See *Aratari v. Leetonia*

*Exempt Village School Dist.*, Columbiana App. No. 06 CO 11, 2007-Ohio-1567, 2007 WL 969402. We are required to apply the version in effect at the time of the injury. See *Hubbard v. Canton Bd. of Edn.*, 97 Ohio St.3d 451, 2002-Ohio-6718, 780 N.E.2d 543.

{¶ 18} As to whether plaintiffs have asserted an exception to immunity pursuant to R.C. 2744.02(B)(5), we note that following the decision in *Campbell v. Burton* (2001), 92 Ohio St.3d 336, 750 N.E.2d 539, the legislature has amended R.C. 2744.02(B)(5) to permit a political subdivision to be sued under that statute only when the liability expressly imposed by a section of the Revised Code is civil. See *Estate of Ridley v. Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities*, 102 Ohio St.3d 230, 2004-Ohio-2629, 809 N.E.2d 2, fn. 3. This court found however, in *Vinicky v. Pristas*, supra, 163 Ohio App.3d 508, 2005-Ohio-5196, 839 N.E.2d 88, that R.C. 2307.44 provides for civil liability for hazing. This court stated:

{¶ 19} "R.C. 2903.31(A) defines the criminal act of hazing as 'doing any act or coercing another, including the victim, to do any act of initiation into any student or other organization that causes or creates a substantial risk of causing mental or physical harm to any person.'

{¶ 20} "In the instant case, the school argues that the complaint fails to claim that the alleged assault was done as a means of initiating Kevin into 'any student or other organization.' In support of their argument, the school cites *Duitch v. Canton City Schools*, 157 Ohio App.3d 80, 2004-Ohio-2173, 809 N.E.2d 62, which held that the students' actions did not amount to hazing because the actions 'did not constitute initiation into any student or other organization.'

{¶ 21} "We find the procedural context of *Duitch* distinguishable. In *Duitch*, the court examined whether genuine issues of material fact existed that would preclude summary judgment. However, in the instant case, we are merely considering whether the complaint sets forth sufficient and reasonable notice to the school of the claims that the Vinickys are pursuing and whether the allegations set forth circumstances for which the Vinickys would be entitled to relief.

{¶ 22} "The complaint alleges that Kevin was the victim of a sexual assault that 'took place during a School organized and sanctioned event and/or after School activity in the Brecksville–Broadview Heights High School' that caused him physical and mental harm. The complaint also alleges that the school was negligent in 'supervising the student activity inside the high school where the alleged assault occurred and adopting standards and safeguards necessary to deter and prevent such crimes' and for failing to 'provide a faculty member to monitor the school student activity or event.' Count five of the complaint also alleges 'civil hazing,' claiming that the students 'perpetrated hazing' in 'direct

violation of R.C. 2903.31,' and that the school failed to undertake appropriate measures to deter or prevent the 'hazing activities' that were 'encouraged and facilitated on school grounds.'

{¶ 23} "We find that the complaint reasonably sets forth a claim of hazing, which would sufficiently put the school on notice that such a claim is being pursued. The complaint alleges that a sexual attack occurred on school grounds during a school event or activity that was [allegedly] inadequately monitored. The complaint further alleges that the attack was a 'hazing activity.'" *Vinicky*, 163 Ohio App.3d 508, 2005-Ohio-5196, 839 N.E.2d 88, ¶ 8–12.

■ {¶ 24} In this matter, the complaint alleges that plaintiff sustained abuse as a "new sixth grade student at Harding Middle School." It further alleged that from the time of his entry into the school in "August 2005 to March 2006" he sustained bullying. Construing the material allegations in the complaint with all reasonable inferences considered in favor of the nonmoving party, we agree with the trial court's determination that it cannot be said beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. At this point, absent additional facts, it is not clear what will be the alleged basis of civil liability, but plaintiff was not required to set forth each element of the cause of action with "crystalline specificity."

{¶ 25} As to the third tier, we must consider whether immunity will be reinstated pursuant to R.C. 2744.03. In the third tier of the analysis, immunity may be reinstated if a political subdivision can successfully assert one of the defenses to liability listed in R.C. 2744.03. See *Cater v. Cleveland*, supra, 83 Ohio St.3d at 28, 697 N.E.2d 610.

{¶ 26} As is relevant herein, R.C. 2744.03(A) provides:

{¶ 27} "(3) The political subdivision is immune from liability if the action or failure to act by the employee involved that gave rise to the claim of liability was within the discretion of the employee with respect to policy-making, planning, or enforcement powers by virtue of the duties and responsibilities of the office or position of the employee.

{¶ 28} "* * *

{¶ 29} "(5) The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."

{¶ 30} In this matter, the complaint alleges that defendants were deliberately indifferent to plaintiff's predicament, that they knew of the assaults but blamed him for his "inability to deal with anxiety and stress," and that their conduct was wanton, willful, and reckless.

{¶ 31}. By application of all of the foregoing, we conclude that the trial court properly denied defendant's motion for judgment on the pleadings. We agree with the trial court's conclusion that it cannot be determined beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. The first and second assignments of error are without merit.

{¶ 32} Defendants' third assignment of error states:

{¶ 33} "R.C. Chapter 2744 prohibits punitive damages, attorney fees and costs from being assessed against Defendants–Appellants Lakewood City School District, Superintendent David C. Estrop, Principal Eugene Hancock, and Guidance Counselor Abby O'Connor."

{¶ 34} R.C. 2744.05(A) states:

{¶ 35} "Notwithstanding any other provisions of the Revised Code or rules of a court to the contrary, in an action against a political subdivision to recover damages for injury, death, or loss to person or property caused by an act or omission in connection with a governmental or proprietary function:

{¶ 36} "(A) Punitive or exemplary damages shall not be awarded."

{¶ 37} In this matter, however, plaintiff has also sued two of the defendants in their individual capacities. Moreover, we consider the more prudent course to consider the law pertaining to damages if and when a judgment is rendered.

Judgment affirmed.

GALLAGHER, P.J., and KILBANE, J., concur.