[Cite as *N. Frozen Foods, Inc.*, 2011-Ohio-2399.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   95493

---

## NORTHERN FROZEN FOODS, INC.

PLAINTIFF-APPELLANT

vs.

## DARIO PICCIOTTI, ET AL.

DEFENDANTS-APPELLEES

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No. CV-718879

**BEFORE:**    Boyle, P.J., Jones, J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**    May 19, 2011

**ATTORNEYS FOR APPELLANT**

Donald A. Mausar
Amanda Rasbach Yurechko
Weltman, Weinberg & Reis
323 W. Lakeside Avenue
Suite 200
Cleveland, Ohio    44113

**ATTORNEY FOR APPELLEE**

Stephen G. Thomas
Stephen G. Thomas & Associates Co., LPA
100 North Main Street
Chagrin Falls, Ohio    44022

MARY J. BOYLE, P.J.:

{¶ 1} Plaintiff-appellant, Northern Frozen Foods, Inc., d.b.a. Northern Haserot ("Northern Haserot"), appeals the trial court's order granting partial judgment on the pleadings in favor of defendant-appellee, Dario Picciotti, on its breach of contract claim. The trial court found that the contract containing the personal guaranty provision was ambiguous and further concluded that Picciotti signed the agreement solely in a representative capacity. Because the agreement is ambiguous, we find that the trial court erred in granting judgment on the pleadings and, therefore, reverse and remand for further proceedings.

Procedural History and Facts

{¶ 2}  In February 2010, Northern Haserot filed the underlying action against Picciotti and 2261 DLP Limited, seeking to recover damages under an agreement titled "Terms of Sale on Credit/Credit Agreement/Personal Guarantee," which seller attached to the complaint. Northern Haserot also attached an "Aged Charge Payment Summary," wherein the account holder-customer is identified as "303 Allure/2261 DLP LTD" and as having an outstanding principle balance of $13,827.04.   Northern Haserot further attached a copy of a check drawn on an account of 2261 DLP Limited and made out to Northern Haserot in the amount of $4,616.44, bearing a "Payment Stopped" stamp on its face.   In reference to the check, Northern Haserot alleged that it is "entitled to three times money judgment on the NSF check which was tendered to [Northern Haserot]."

{¶ 3}  Picciotti and 2261 DLP Limited filed a joint answer, denying the majority of Northern Haserot's allegations and asserting numerous defenses, including that Picciotti signed the "Terms of Sale" only in his capacity as general manager of the purchaser and not in his personal capacity.   Picciotti subsequently moved for judgment on the pleadings, arguing that the contract cannot impose individual liability on him because "it ambiguously defines Purchaser and Undersigned as the same person or entity while seeking to separate the identity of those defined terms for purposes of personal liability."   He further argued that his

signature on the contract "is not an express affirmation of a personal guarantee for the debts of ALLURE," thereby entitling him to judgment on the pleadings.

{¶ 4} The trial court agreed and granted Picciotti's motion, finding the contract to be ambiguous and concluding that "[t]he lack of an additional signature, separated from the business entity's name and without the designation of general manager, is fatal to plaintiff's claim of personal liability against defendant Dario Picciotti." In accordance with Civ.R. 54(B), the trial court further noted in its judgment entry that "there is no just reason for delay." Northern Haserot appeals the decision, raising the following assignment of error:

{¶ 5} "Whether the trial court committed reversible error by granting defendant's motion for judgment on the pleadings, disregarding the terms [of] a clear, and unambiguous personal guaranty and by dismissing defendant entirely where additional causes of action remained which had not been addressed."

## Judgment on the Pleadings

{¶ 6} We review an order granting judgment on the pleadings de novo, applying the same standard of review the trial court used. *Vinicky v. Pristas*, 163 Ohio App.3d 508, 2005-Ohio-5196, 839 N.E.2d 88, ¶3. "The determination of a motion for judgment on the pleadings is limited solely to the allegations in the pleadings and any writings attached to the pleadings. Pursuant to Civ.R. 12(C), dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in

favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." (Internal quotations and citations omitted.)    Id.

{¶ 7}    Northern Haserot argues that the trial court erred in granting Picciotti judgment because the personal guaranty in the contract is clear and unambiguous.    It further contends that Picciotti's addition of "GM" following his printed name does not "trump" the clear wording of the contract containing the personal guaranty.    In support of this argument, Northern Haserot relies on the following provision in the contract:

{¶ 8}    "IV.    As a condition of Northern Frozen Foods, Inc. dba Northern Haserot extending credit to Purchaser, the Undersigned hereby personally guarantees payment in full to Northern Frozen Foods, Inc. dba Northern Haserot including delinquency charges, collection costs and attorney fees, and waive any presentment, demand, protest, and any other notice from Northern Frozen Foods, Inc. dba Northern Haserot regarding this guarantee of payment."

{¶ 9}    Northern Haserot further points out that the signature block at the bottom of the contract expressly states "Individually" and that the title of the document even incorporates "Personal Guarantee."    Reading the contract in its entirety, and given Picciotti's failure to cross-out the "personal guarantee" provision, Northern Haserot argues that the trial court wrongfully concluded that Picciotti is not personally liable under the contract.

{¶ 10} "General contract law requires a court to interpret a contract so as to carry out the intent of the parties." *Hoppel v. Feldman*, 7th Dist. No. 09CO34, 2011-Ohio-1183, ¶31, citing *Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth.*, 78 Ohio St.3d 353, 1997-Ohio-202, 678 N.E.2d 519. "[T]he intent of the parties to a contract resides in the language they chose to employ in the agreement." *Shifrin v. Forest City Ent., Inc.* (1992), 64 Ohio St.3d 635, 638, 597 N.E.2d 499.

{¶ 11} If a contract is clear and unambiguous, then its interpretation is a matter of law that we review de novo. *Davis v. Loopco Indus., Inc.*, 66 Ohio St.3d 64, 1993-Ohio-195, 609 N.E.2d 144. If, however, the contract is ambiguous, ascertaining the parties' intent constitutes a question of fact that may require the consideration of parol evidence to determine the parties' intent. *Crane Hollow, Inc. v. Marathon Ashland Pipe Line, LLC* (2000), 138 Ohio App.3d 57, 74, 740 N.E.2d 328; *U.S. Fid. & Guar. v. Aultman St. Elizabeth Med. Ctr.* (1999), 129 Ohio App.3d 45, 55, 716 N.E.2d 1201. Furthermore, "conflicting provisions in a contract cannot be interpreted as a matter of law." *JP Morgan Chase, NA v. Bethel*, 5th Dist. No. 09CA0110, 2010-Ohio-2987, ¶18. Instead, the matter should be resolved by the fact finder, "who must then rely on parol evidence." Id., citing *Fairmont Creamery Co. v. Ewing* (1932), 43 Ohio App. 191, 182 N.E. 883.

{¶ 12} We agree with Northern Haserot's contention that Picciotti's mere addition of the initials "GM" — that presumably stand for "General Manager" — does not conclusively

establish that he was signing solely in a representative capacity, especially since he signed his name on the line specifically designated as "Individually." We likewise find that the trial court erred in concluding that the absence of a signature line for the business entity is fatal to Northern Haserot's claim of personal liability against Picciotti. Indeed, "[w]hether a note has been executed by a party in his individual or representative capacity, is a question to be determined from the consideration of the whole instrument." *Ohio Carpenters' Fringe Benefit Fund v. Krulak*, 8th Dist. No. 88872, 2008-Ohio-220, at ¶40, citing *Aungst v. Creque* (1905), 72 Ohio St. 551, 555, 74 N.E. 1073.

{¶ 13} Contrary to Northern Haserot's assertion, however, we find that the contract contains ambiguities and inconsistent provisions. For example, the first sentence of the contract identifies the "Undersigned" as the "Purchaser," but then at least two separate provisions following this designation refer to them as separate and distinct parties. Given that the contract is ambiguous, we find that the intent of the parties cannot be resolved pursuant to a motion for judgment on the pleadings. We therefore find that the trial court erred in granting the motion and resolving the ambiguities as a matter of law without allowing the parties to present parol evidence. See *Bethel*, supra.

{¶ 14} Having found that Northern Haserot's breach of contract claim against Picciotti could not be disposed of by a motion for judgment on the pleadings, we need not address

Northern Haserot's additional arguments regarding the trial court's alleged error in failing to address Northern Haserot's other purported claims against Picciotti.

{¶ 15} The sole assignment of error is sustained.

{¶ 16} Judgment reversed and the case is remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY J. BOYLE, PRESIDING JUDGE

LARRY A. JONES, J., and
EILEEN A. GALLAGHER, J., CONCUR