OPINION
{¶ 1} Patricia L. Harris appeals from the order granting summary judgment for the Ohio State University Medical Center in her professional negligence and fraud lawsuit. Because the Ohio Court of Claims was correct in determining that the statute of limitations had run as to either a fraud claim or a professional negligence claim or some combination of the two, we affirm. *Page 2 
 {¶ 2} Ms. Harris filed this lawsuit on November 14, 2005. Her complaint is titled "complaint of fraud and deception," but centers upon her treatment and advice she received at the Ohio State University Medical Center. She alludes to gall bladder surgery which was performed in 1977. She claims that six to nine metal clips were left inside her after the surgery and that she suffered an allergic reaction to the metal for years thereafter.
 {¶ 3} Ms. Harris claims that the presence of the metal clips was discovered during a routine x-ray in 1999. As a result, she filed a lawsuit on November 14, 2001. Summary judgment was granted for the Ohio State University Medical Center in that first lawsuit because the statute of limitations had run for a professional negligence claim.
 {¶ 4} The Ohio State University Medical Center filed a motion for summary judgment on the lawsuit filed November 14, 2005 alleging that the statute of limitation had run on the latest filing also. The motion pointed out that Ms. Harris had filed a prior lawsuit alleging fraud and deception on October 28, 2003 and had voluntarily dismissed that lawsuit on October 22, 2004. Since more than one year had passed between the voluntary dismissal of the second lawsuit and the filing of the third lawsuit, the savings statute, R.C. 2305.19, did not work to extend the time of filing for the third lawsuit.
 {¶ 5} On appeal of the ruling of the Ohio Court of Claims, Ms. Harris assigns two errors:
 I. THE COURT ERRED AS A MATTER OF LAW AND FACT IN GRANTING THE APPELLEE A SUMMARY JUDGEMENT [sic] BASED ON THE LAW OF "RES JUDICATA" BECAUSE THE FACTS AROSE FROM THE FIRST CLAIM. WHILE THE SURGEONS CAUSED THE MEDICAL MALPRACTICE, THEY DID NOT CAUSE THE EMERGENCY ROOM PERSONNEL TO MISLEAD MRS. HARRIS BY STATING *Page 3 
THEY DID NOT SEE ANY METAL INSIDE HER. THE EMERGENCY ROOM EVENT IS WHAT CREATED THE FRAUD AND DECEPTION. THIS ACT IS SEPARATE AND INDEPENDENT FROM THE MEDICAL MALPRACTICE CLAIM. THIS CLAIM IS AGAINST THE OSU MEDICAL CENTER EMERGENCY ROOM AND NOT THE SURGEONS.
 II. THE COURT ERRED AS A MATTER OF LAW AND FACT IN HOLDING THAT THE PLAINTIFF'S SECOND CLAIM WAS NOT TIMELY FILED. WHILE THE PLAINTIFF DID NOT REFILE HER CLAIM WITHIN ONE YEAR, THE PLAINTIFF DID SEND BY CERTIFIED MAIL, A LETTER OF DEMAND BEFORE OCTOBER 22, 2006 TO THE DEFENDANT. TRIAL COURT ERRED WHEN IT DID NOT RECOGNIZE THAT. ACCORDING TO THE ORC [§ 2305.11.3] § 2305.113. LIMITATION OF ACTIONS FOR MEDICAL MALPRACTICE; STATUTE OF REPOSE.
 {¶ 6} The Ohio Revised Code allows only one year for the filing of a complaint involving a medical claim. See R.C. 2305.11(B)(1).
 {¶ 7} "Medical claim" is defined in R.C. 2305.11.3(D)(3) as follows:
 A person who commences an action upon a medical claim, dental claim, optometric claim, or chiropractic claim under the circumstances described in division (D)(1) or (2) of this section has the affirmative burden of proving, by clear and convincing evidence, that the person, with reasonable care and diligence, could not have discovered the injury resulting from the act or omission constituting the alleged basis of the claim within the three-year period described in division (D)(1) of this section or within the one-year period described in division (D)(2) of this section, whichever is applicable.
 {¶ 8} Assuming for the sake of argument that the statute of limitations for Ms. Harris's claims did not begin until the clips were found in 1999, the statute of limitations for her claims clearly had run before the filing of the third lawsuit on November 14, 2005.
 {¶ 9} Even if Ms. Harris were somehow able to avoid the statutory definition of "medical claim," the four-year statute of limitations for fraud also would have run before *Page 4 
the third lawsuit was commenced. In November 1999, when Ms. Harris was told that she had metal clips inside her, she had to realize that anyone who had told her otherwise at an earlier time had been less than truthful. Assuming the accuracy of her version of the facts, she knew about the alleged fraud in November 1999 and had, at most, until November 2003 to file a lawsuit based on fraud. Arguably, she had only two years to file the lawsuit because the appellees were state entities. See R.C. 2743.16(A) and case law construing it.
 {¶ 10} In addition, the statute's definition of "medical claim" does not permit us to split a fraud theory involving medical treatment off from a professional negligence claim involving medical treatment. While the definition of "medical claim" may seem illogical, the legislature clearly intended for the definition to reach situations such as that presented by Ms. Harris's case. As noted above, viewed as a medical claim, the statute of limitations had run no later than late 2000. The Ohio Court of Claims had earlier found that medical claims by Ms. Harris were time barred. This earlier decision can be viewed as res judicata or as reaching the same result based upon the same pertinent facts. Either way, the Ohio Court of Claims was correct to grant summary judgment.
 {¶ 11} The first assignment of error is overruled.
 {¶ 12} The second assignment of error is also overruled. Sending the notice letter regarding a potential medical claim after the statute of limitations has already run does not start the clock running again. Further, a notice letter or demand letter has no input on a fraud claim, assuming a fraud theory can somehow be separated from the medical treatment issues. *Page 5 
 {¶ 13} As a result of the foregoing, both assignments of error are overruled. The judgment of the Ohio Court of Claims is affirmed.
Judgment affirmed.
 BROWN and McGRATH, JJ., concur. *Page 1