[Cite as *State ex rel. Union Twp. v. Union Twp. Professional Firefighters, IAFF Loc. 3412*, 2013-Ohio-1611.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

|  |  |  |
|---|---|---|
| STATE EX REL. UNION TOWNSHIP, CLERMONT COUNTY, OHIO and Union Township Board of Trustees, | : | |
| | : | CASE NO. CA2012-09-067 |
| Relators-Appellants, | : | O P I N I O N<br>4/22/2013 |
| - vs - | : | |
| UNION TOWNSHIP PROFESSIONAL FIREFIGHTERS, IAFF LOC. 3412, | : | |
| | : | |
| Respondent-Appellee. | : | |
| | : | |

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012-CVH-0693

Schroeder, Maundrell, Barbiere & Powers, Lawrence E. Barbiere, 5300 Socialville-Foster Road, Suite 200, Mason, Ohio 45040, for relators-appellants

Livorno and Arnett Co. LPA, Henry A. Arnett, 1335 Dublin Road, Suite 108-B, Columbus, Ohio 43215, for respondent-appellee

**PIPER, J.**

{¶ 1} Relators-appellants, Union Township and the Union Township Board of Trustees (Union Township), appeal a decision of the Clermont County Court of Common Pleas finding that it did not have jurisdiction to order respondent-appellee, Union Township

Professional Firefighters, IAFF Local 3412 (IAFF Local 3412), to sign a collective bargaining agreement.

{¶ 2} Union Township and IAFF Local 3412 entered into a collective bargaining process, whereby the parties hoped to reach a contract governing the terms of the employment relationship between Union Township and its firefighters, lieutenants, and captains. However, the parties were not able to reach an agreement. According to R.C. 4117.14, the parties submitted their dispute to a conciliator appointed by the State Employment Relations Board (SERB).

{¶ 3} The conciliator held a hearing on October 11, 2011, during which both parties were represented and offered evidence in support of their respective last and final offers. The conciliator then filed a report and recommendation, ordering that IAFF Local 3412's final offers be accepted regarding wages, sick leave, and staffing, and that Union Township's final offers be accepted regarding safety and hours of work/overtime.

{¶ 4} Union Township filed a motion to vacate the conciliator's orders, but such was denied by the trial court. Union Township then prepared a collective bargaining agreement (Agreement) that reflected the conciliator's orders, and was willing to execute the Agreement. However, IAFF Local 3412 refused to sign the Agreement. In response, Union Township filed an unfair labor practice claim against IAFF Local 3412 with SERB, and later filed a complaint for a writ of mandamus with the trial court asking the trial court to command IAFF Local 3412 to sign the Agreement.

{¶ 5} IAFF Local 3412 moved to dismiss Union Township's complaint, claiming that the trial court lacked jurisdiction, that it was not subject to mandamus as a private entity, and that Union Township had an adequate remedy at law. The trial court denied IAFF Local 3412's motion finding that Union Township could prove its claims based upon the facts it asserted in the complaint for mandamus. IAFF Local 3412 then answered, and filed a

- 2 -

motion for judgment on the pleadings, which included evidence that Union Township filed an unfair labor practice complaint with SERB. The trial court then dismissed Union Township's mandamus complaint, finding that it lacked jurisdiction because SERB had exclusive jurisdiction over the matter. Union Township now appeals the trial court's decision, raising the following assignment of error.

{¶ 6} THE TRIAL COURT ERRED IN DENYING RELATORS' MOTION FOR JUDGMENT ON THE PLEADINGS AND IN DISMISSING THE CASE FOR WANT OF SUBJECT MATTER JURISDICTION.

{¶ 7} Union Township argues in its assignment of error that the trial court erred in determining that it lacked jurisdiction over the case.

{¶ 8} Before the enactment of R.C. Chapter 4117, "Ohio had no legal framework governing public-sector labor relations" and Ohio public employees had no statutory right to bargain collectively. *State ex. rel. Dayton Fraternal Order of Police Lodge No. 44 v. State Emp. Relations Bd.*, 22 Ohio St.3d 1, 5 (1986). R.C. Chapter 4117 "established a comprehensive framework for the resolution of public-sector labor disputes by creating a series of new rights and setting forth specific procedures and remedies for the vindication of those rights." *Franklin Cty. Law Enforcement Assn. v. Fraternal Order of Police, Capital City Lodge No. 9*, 59 Ohio St.3d 167, 169 (1991).

{¶ 9} According to R.C. Chapter 4117 and relevant case law, there are instances where SERB has exclusive jurisdiction to determine matters, and there are specific instances were a trial court has jurisdiction to hear a case. SERB has exclusive jurisdiction to resolve unfair labor practices in two general areas "(1) where one of the parties filed charges with SERB alleging an unfair labor practice under R.C. 4117.11 and (2) where a complaint brought before the common pleas court alleges conduct that constitutes an unfair labor practice specifically enumerated in R.C. 4117.11." *State ex rel. Ohio Dept. of Mental Health*

*v. Nadel*, 98 Ohio St.3d 405, 2003-Ohio-1632, ¶ 23. Otherwise, R.C. 4117.14 sets forth the conciliation process and states that trial courts have the ability to enforce a conciliation award. Specifically, R.C. 4117.17(F) states, "nothing in this section shall be construed to prohibit a party from seeking enforcement of a collective bargaining agreement or a conciliator's award as specified in division (B) of section 4117.09 of the Revised Code." R.C. 4117.09(B)(1) states in relevant part that, "a party to the agreement may bring suits for violation of agreements or the enforcement of an award by an arbitrator in the court of common pleas of any county wherein a party resides or transacts business."

{¶ 10} The record is clear that Union Township filed an Unfair Labor Practice Charge with SERB. Within the charge, Union Township alleged that IAFF Local 3412 engaged in an unfair labor practice by not singing the Agreement. In support of their claim, Union Township cited the unfair labor practices prohibited by R.C. 4117.11(B)(1),(3), and (5). Therefore, Union Township chose to specifically submit itself to the exclusive jurisdiction of SERB the moment it filed charges with SERB alleging an unfair labor practice pursuant to R.C. 4117.11. As such, SERB has exclusive jurisdiction to determine whether IAFF Local 3412's failure to sign the Agreement constitutes an unfair labor practice.

{¶ 11} While SERB has exclusive jurisdiction to address Union Township's unfair labor practice charge, Union Township asked the trial court to enforce the Agreement because of a statutory right to pursue enforcement of a conciliator's award in the common pleas court. Therefore, and because Union Township was asking the trial court to do something other than address whether IAFF Local 3412 committed an unfair labor practice, the trial court had jurisdiction as conferred in R.C. 4117.14.

{¶ 12} By filing its mandamus claim with the common pleas court, Union Township asked the trial court to compel IAFF Local 3412 to sign the Agreement, which was a

- 4 -

completely separate and distinct request from asking SERB to declare IAFF Local 3412's refusal to sign an unfair labor practice.

{¶ 13} The only issue before the trial court was whether Union Township was entitled to mandamus to compel IAFF Local 3412 to sign the Agreement as a result of the conciliation process. Again, R.C. 4117.14(F), states, "nothing in this section shall be construed to prohibit a party from seeking enforcement of a collective bargaining agreement or a conciliator's award," including bringing a suit for the enforcement of the conciliator's award in the court of common pleas.

{¶ 14} While Union Township chose to invoke SERB's exclusive jurisdiction by filing its unfair labor practice charge as to that issue, it chose to bring the enforcement of the conciliation award before the trial court, as was its right to do according to R.C. 4117.14. Within its SERB charge, Union Township specifically states that the basis for its unfair labor practice claim was R.C. 4117.11(B)(1),(3), and (5). The factual basis, as stated by Union Township, was that "the Employee Union has refused to execute a Collective Bargaining Agreement based on a Conciliator's Award unless the Employer agrees to a supplemental memorandum of understanding and agrees to an unbargained for Article on Duration."

{¶ 15} Conversely, in its complaint for a writ of mandamus, the township alleged that the conciliator's report is binding on the parties, and that both parties therefore have a clear legal duty to sign the Agreement. The township also alleged that it was willing to sign the new agreement and that IAFF Local 3412 failed and refused to sign the Agreement "incorporating the Conciliator's Award in spite of its clear legal duty to do so." Union Township then asked the trial court to grant a "Writ of Mandamus commanding Respondent to immediately sign the Collective Bargaining Agreement * * * in accordance with their clear legal duty pursuant to Ohio Revised Code §4117.14 and Ohio law * * *." Therefore, Union Township was requesting a specific finding and determination from SERB and a different

specific finding and determination from the trial court. These two different remedies are not interdependent upon one another, nor do they depend upon a preliminary finding by either SERB or the trial court. In fact, it is all together possible that SERB could conclude that IAFF Local 3412 did not commit an unfair labor practice by not signing, while the trial court could determine that IAFF Local 3412 must execute the Agreement as determined by the conciliation process.

{¶ 16} R.C. 4117.14(I), also states, "the issuance of a final offer settlement award constitutes a binding mandate to the public employer and the exclusive representative to take whatever actions are necessary to implement the award." Therefore, Union Township is also taking "whatever actions are necessary to implement the award" as handed down by the conciliator by filing its mandamus claim with the trial court as was its right within R.C. 4117.14(F).

{¶ 17} Beyond claiming that the trial court properly dismissed the cause for lack of subject matter jurisdiction, IAFF Local 3412 also argues in its brief that the trial court properly dismissed the cause because mandamus will not lie against a private entity and because Union Township has an adequate remedy at law. However, these two issues are not before this court on appeal. IAFF Local 3412 did not choose to appeal the trial court's denial of its motion to dismiss, and did not raise any cross-assignments of error regarding mandamus against a private entity or Union Township having an adequate remedy at law.

{¶ 18} Having found that the trial court has the jurisdiction to determine whether Union Township is entitled to a writ of mandamus, we reverse the decision of the trial court and remand for further proceedings. Our decision today does not in any way speak to the merits of Union Township's mandamus claim, and IAFF Local 3412 is free to argue that Union Township is not entitled to mandamus. However, those are issues for the trial court to determine, as it has the jurisdiction to do so.

- 6 -

{¶ 19} Judgment reversed and cause remanded.

HENDRICKSON, P.J., and S. POWELL, J., concur.