[Cite as *J.H. v. Hamilton City School Dist.*, 2013-Ohio-2967.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| J.H. (A Minor) By and Through his Parents and Next Friend Katherine and Dexter Harris, | : | |
| | : | CASE NO.   CA2012-11-236 |
| Plaintiffs-Appellants, | : | O P I N I O N<br>7/8/2013 |
| | : | |
| - vs - | : | |
| | : | |
| HAMILTON CITY SCHOOL DISTRICT, et al., | : | |
| | : | |
| Defendants-Appellees. | : | |
| | : | |

CIVIL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CV2012-02-0727

Eric C. Deters, 5247 Madison Pike, Independence, KY 41051-7941, for plaintiffs-appellants

Brian L. Wildermuth, The Green Town Center, 50 Chestnut Street, Suite 230, Dayton, Ohio 45440, for defendants-appellees

**HENDRICKSON, P.J.**

{¶ 1}   Plaintiffs-appellants, Katherine and Dexter Harris, along with their minor son

J.H., appeal a decision of the Butler County Court of Common Pleas awarding judgment on

the pleadings to the defendants-appellees, Hamilton City School District Board of Education

("the Board") and its employee, Brenda Asher.[1]  For the reasons discussed below, we affirm the judgment of the trial court.

{¶ 2}  On February 17, 2012, appellants filed a complaint for personal injury.  In their complaint, appellants stated that J.H. is a severely handicapped 14-year-old boy who attended Garfield Middle School during the 2010-2011 school year.  On October 10, 2010, Asher was "pushing and pulling" J.H.'s wheelchair when J.H.'s leg became caught in the wheelchair.  The complaint alleged that Asher "continued to push and pull the wheel chair [sic] even though the wheel chair [sic] was met with resistance until she heard a 'pop' and Plaintiff J.H. started crying."  Appellants asserted that J.H. suffered several injuries, including a broken tibia, as a result of Asher's negligence in failing to operate the wheelchair with reasonable care and safety.  Appellants also asserted that the Board was responsible for Asher's negligent acts under the doctrine of respondeat superior, as Asher was acting within the scope of her employment at the time she caused the injury to J.H.  Further, appellants alleged that the Board had a "duty to operate the Garfield Middle School with reasonable care and safety" and the Board breached this duty by "failing to have policies and procedures in place to prevent the type of injury which [J.H.] received, for failing to give proper training to * * * Asher, and by failing to hire the proper personnel."

{¶ 3}  On March 29, 2012, the Board and Asher simultaneously filed an answer and a motion for judgment on the pleadings.  In their answer, the Board and Asher admitted J.H. was enrolled as a student at Garfield Middle School on October 10, 2010, and Asher was an employee of the Board who was acting within the scope of her employment at the time the incident occurred.  In their motion for judgment on the pleadings, the Board and Asher

---

1. Appellants' complaint named the "Hamilton City School District" as a defendant to the suit.  Before the trial court, all parties agreed that the Hamilton City School District is not a legal entity subject to suit and that the Hamilton City School District Board of Education is the proper party to the lawsuit.  We will reference the proper entity for purposes of this appeal.

asserted that they were immune from liability under R.C. 2744.02 and R.C. 2744.03. Specifically, the Board asserted that it was a political subdivision and therefore immune from liability as appellants had not set forth allegations in their complaint that would "strip it" of immunity under any of the five exceptions set forth in R.C. 2744.02(B)(1)-(5). Moreover, Asher asserted that as an employee of a political subdivision, she was immune from liability because appellants had not alleged facts in their complaint that she acted outside the scope of her employment, that she acted maliciously or in a wanton or reckless manner, or that civil liability was expressly imposed in this case by Ohio law, as contemplated by R.C. 2744.03(A)(6).

{¶ 4} Appellants filed a memorandum in opposition to the motion for judgment on the pleadings, arguing the merits of Asher and the Board's motion were "mistaken and premature." Appellants asserted judgment on the pleadings was not appropriate as discovery had not been conducted to determine whether appellants' damages were caused during the course of a governmental or proprietary function, the latter of which does not invoke immunity. The trial court disagreed with appellants' position and, on October 22, 2012, granted judgment on the pleadings to Asher and the Board.

{¶ 5} Appellants appealed the trial court's decision, raising as their sole assignment of error the following:

{¶ 6} THE TRIAL COURT COMMITTED PREJUDICIAL AND REVERSIBLE ERROR BY GRANTING [APPELLEES'] MOTION FOR JUDGMENT ON THE PLEADINGS.

{¶ 7} Appellants contend that the trial court erred in granting judgment on the pleadings to the Board and Asher on the basis of immunity. Specifically, appellants assert that the Board and its employee, Asher, were not immune from suit in this case. Although appellants acknowledge that their "complaint alleged negligence on its face," they contend that they were "not required to make allegations such as wanton or reckless conduct on

behalf of the Board or Asher in order to survive a motion for judgment on the pleadings."

**{¶ 8}** An appellate court reviews a trial court's decision on a Civ.R. 12(C) motion for judgment on the pleadings de novo. *Golden v. Milford Exempted Village School Bd. of Edn.*, 12th District No. CA2008-10-097, 2009-Ohio-3418, ¶ 6. Civ.R. 12(C) motions are specifically reserved for resolving questions of law and may be filed "[a]fter the pleadings are closed but within such time as not to delay the trial." *Id.*; *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166 (1973). Judgment on the pleadings is appropriate under Civ.R. 12(C) "where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996). Furthermore, in ruling on a Civ.R. 12(C) motion, a court is "limited solely to the allegations in the pleadings and any writings attached to the pleadings." *Golden* at ¶ 6, citing *Vinicky v. Pristas*, 163 Ohio App.3d 508, 2005-Ohio-5196, ¶ 3 (8th Dist.).

## A. Immunity of the Board

**{¶ 9}** The Ohio Supreme Court has set forth a three-tiered analysis for determining whether a political subdivision is immune from civil liability. *Carter v. Cleveland*, 83 Ohio St.3d 24, 28 (1998). Under the first tier, a political subdivision is granted broad immunity for any injury arising out of its governmental or proprietary functions. R.C. 2744.02(A)(1). "The immunity afforded to the political subdivision, however, is not absolute but instead is subject to five exceptions under R.C. 2744.02(B)." *Golden* at ¶ 10. Thus, the second tier of the analysis focuses on the exceptions to immunity set forth in R.C. 2744.02(B)(1)-(5). *Id.* "Finally, in the third tier of the analysis, if an exception exists, immunity can be reinstated if the political subdivision can successfully argue that one of the defenses set forth in R.C. 2744.03(A) applies." *Id.*, citing *Carter* at 28. However, the defenses found in R.C. 2744.03

"do not come into play until after it is proven that a specific exception to general immunity applies under R.C. 2744.02(B)." *Id.* at ¶ 12.

{¶ 10} R.C. 2744.01(F) includes school districts within the definition of "political subdivisions." R.C. 2744.01(C)(2)(c) specifies that a system of public education is a "governmental function." As such, the school board is a political subdivision serving a governmental function, and it is therefore immune from liability under R.C. 2744.02(A)(1) unless one of the five exceptions under R.C. 2744.02(B) applies.

{¶ 11} Under R.C. 2744.02(B), a political subdivision may be liable for injuries caused by "(1) the negligent operation of a motor vehicle by a school employee; (2) the negligence of a school employee with respect to 'proprietary functions'; (3) the political subdivision's negligent failure to keep the public roads in repair and free from obstruction; (4) the negligence of a school employee with respect to physical defects occurring within or on the grounds of school buildings; and (5) civil liability that is expressly imposed by statute on the political subdivision." *Bucey v. Carlisle*, 1st Dist. No. C-090252, 2010-Ohio-2262, ¶ 8, citing R.C. 2744.02(B)(1)-(5). Appellants contend that the exceptions to political subdivision immunity set forth in R.C. 2744.02(B)(2) and (B)(5) apply.

{¶ 12} Pursuant to R.C. 2744.02(B)(2), "political subdivisions are liable for injury, death, or loss to person or property caused by the negligent performance of acts by their employees with respect to *proprietary functions* of the political subdivision." (Emphasis added.) A "proprietary function" is defined, in relevant part, as a function that "promotes or preserves the public peace, health, safety, or welfare and that involves activities that are customarily engaged in by nongovernmental persons." R.C. 2744.01(G)(1)(b). Conversely, a "governmental function" is defined, in relevant part, as a function that "promotes or preserves the public peace, health, safety or welfare [and] that involves activities that are not engaged in or not customarily engaged in by nongovernmental employees." R.C. 2744.01(C)(1)(c). A

governmental function is one that is for the common good of all citizens, is imposed upon the state as an obligation of sovereignty and is performed by a political subdivision voluntarily or pursuant to a legislative requirement. R.C. 2744.01(C)(1)(a) and (b).

{¶ 13} Appellants' complaint alleges that Asher negligently maneuvered J.H.'s wheelchair while he attended school, thereby causing injury. The provision of a system of public education is a governmental function pursuant to R.C. 2744.01(C)(2)(c). Moreover, "transporting students is part of providing a system of public education." *Day v. Middletown-Monroe City School Dist. Bd. of Edn.*, 12th Dist. No. CA99-11-186, 2000 WL 979141, *3 (July 17, 2000). Construing the allegations in the pleadings in appellants' favor, it is clear that at the time J.H. was injured, he was at school being transported by Asher, an employee of the Board who was acting within the scope of her employment. Accordingly, Asher was engaged in a governmental function, not a proprietary function, and the exception to immunity contained within 2744.02(B)(2) is inapplicable.

{¶ 14} The exception to immunity listed in R.C. 2744.02(B)(5) provides that "a political subdivision is liable for injury, death, or loss to person or property when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but limited to, sections 2743.02 and 5591.37 of the Revised Code." Appellants cite R.C. 2744.03(A)(5) and R.C. 2743.02(A)(1) as the portions of the Revised Code that impose liability upon the Board.

{¶ 15} We find no merit to appellants' contention regarding R.C. 2744.03(A)(5). R.C. 2744.03(A)(5) sets forth a defense that a political subdivision and its employees may assert when facing liability, and it specifically provides:

> [t]he political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources unless the judgment or discretion was exercised

with malicious purpose, in bad faith, or in a wanton or reckless manner.

It is well settled that this section of the Revised Code, 2744.03, "merely provides defenses to liability in the event that an exception to immunity under R.C. 2744.02(B) applies." (Internal quotations omitted.) *Brown Cty Bd. of Health v. Raichyk*, 12th Dist. CA2012-06-011, 2013-Ohio-1727, ¶ 22, quoting *Golden*, 2009-Ohio-3418 at ¶ 12. "The defenses found in R.C. 2744.03 do not come into play until *after* it is proven that a specific exception to general immunity applies under R.C. 2744.02(B)." (Emphasis sic.) *Id.* Before R.C. 2744.03 is ever reached, R.C. 2744.02(A) and (B), in that order, must be found to apply. *Golden* at ¶ 12, citing *Davis v. Malvern*, 7th Dist. No. 05 CA 829, 2006-Ohio-7061, ¶ 30. Accordingly, R.C. 2744.03(A)(5) may not be used as an exception to immunity pursuant to R.C. 2744.02(B)(5).

{¶ 16} Appellants also contend that R.C. 2743.02(A)(1) imposes liability upon the Board. This provision provides, in relevant part:

> The *state* hereby waives its immunity from liability * * * and consents to be sued, and have its liability determined, in the court of claims created in this chapter * * * except as provided in division (A)(2) or (3) of this section. * * *
>
> Except in the case of a civil action filed by the state, filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, that the filing party has against any * * * employee * * *. The waiver shall be void if the court determines that the act or omission was manifestly outside the scope of the * * * employee's * * * employment or that the * * * employee acted with malicious purpose, in bad faith, or in a wanton or reckless manner.

(Emphasis added.) R.C. 2743.02(A)(1).

{¶ 17} We find R.C. 2743.02(A)(1) to be inapplicable to the present case. The exception in R.C. 2744.02(B)(5) requires a statute to expressly impose liability upon the *political subdivision.* R.C. 2743.02(A)(1), however, discusses the *state's* waiver of

immunity—not the political subdivision's waiver of immunity. The definition statute in Chapter 2743 specifically distinguishes a political subdivision from the state as follows:

> (A)   "State" means the state of Ohio, including, but not limited to, the general assembly, the supreme court, the offices of all elected state officers, and all departments, boards, offices, commissions, agencies, institutions, and other instrumentalities of the state. *"State" does not include political subdivisions.*
>
> (B) "Political subdivisions" means municipal corporations, townships, counties, *school districts*, and allother bodies corporate and politic responsible for governmental activities only in geographic areas smaller than that of the state to which the sovereign immunity of the state attaches.

(Emphasis added.)  R.C. 2743.01(A), (B).  Thus, civil liability is not expressly imposed against a political subdivision by R.C. 2743.02(A)(1) as the statute does not apply to political subdivisions but, rather, is limited in application to those entities falling under the definition of "state."  *See Fediaczko v. Mahoning Cty. Children Servs.*, 7th Dist. No. 11 MA 199, 2012-Ohio-6095, ¶ 22-25.  A school district is unequivocally a "political subdivision."  *See* R.C. 2744.01(F); R.C. 2743.01(B).  As such, R.C. 2743.02(A)(1) cannot be used to impose liability upon the Board.[2]

{¶ 18}  As appellants failed to plead facts demonstrating that an exception to immunity exists under any of the five exceptions set forth in R.C. 2744.02(B), we find that the trial court did not err in granting judgment on the pleadings to the Board.

### B.  Immunity of the Employee

{¶ 19}  We further find that the trial court did not err in entering judgment on the pleadings to Asher as the allegations set forth in appellants' complaint do not contain facts invoking any of the exceptions to the immunity granted to employees of political subdivisions. R.C. 2744.03(A)(6) provides that an employee of a political subdivision is immune from

---

2. We further note that as Asher is an employee of a political subdivision, and not an employee of the "state," R.C. 2743.01(A) cannot be used to impose liability upon her.

liability unless "(a) [t]he employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) [t]he employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; [or] (c) [c]ivil liability is expressly imposed upon the employee by a section of the Revised Code." Here, the pleadings do not allege that Asher acted outside the scope of her employment, and appellants did not identify a section of the Revised Code that expressly imposes liability on Asher. Accordingly, the only issue remaining is whether appellants asserted allegations to sufficiently raise the exception set forth in R.C. 2744.03(A)(6)(b).

{¶ 20} "Malice" is the willful and intentional design to do injury or the intention or desire to harm another, usually seriously, through conduct that is unlawful or unjustified. *Frazier v. Clinton Cty. Sheriff's Office*, 12th Dist. No. CA2008-04-015, 2008-Ohio-6064, ¶ 36. "Bad faith" involves a dishonest purpose, conscious wrongdoing, the intent to mislead or deceive, or the breach of a known duty through some ulterior motive or ill will. *Id.* An individual acts in a "wanton" manner when that person fails "to exercise any care toward those to whom a duty of care is owed in circumstances which there is a great probability that harm will result." *Anderson v. Massillon*, 134 Ohio St.3d 380, 2012-Ohio-5711, ¶ 33. Finally, a person acts in a "reckless" manner when that individual "causes an unreasonable risk of harm" and engages in misconduct "substantially greater than that which is necessary to make the conduct negligent." *Frazier* at ¶ 36, citing *Thompson v. McNeil*, 53 Ohio St.3d 102, 104-105 (1990).

{¶ 21} As discussed above, appellants' complaint is couched in negligence. Specifically, appellants assert that Asher was "pushing and pulling" J.H.'s wheelchair when his leg became caught in chair, and she continued to push the wheelchair "even though the wheel chair [sic] was met with resistance until she heard a 'pop.'" Contrary to appellants' argument, such allegations do not indicate that Asher acted with malicious purpose, in bad

faith, or in a wanton or reckless manner. Accordingly, as appellants failed to set forth allegations from which a trier of fact might plausibly infer that Asher acted maliciously, in bad faith, wantonly, or recklessly in causing harm to J.H., we find that Asher is immune from liability in accordance with R.C. 2744.03(A)(6). The trial court properly granted judgment on the pleadings to Asher.

{¶ 22} Appellants' sole assignment of error is overruled.

{¶ 23} Judgment affirmed.

S. POWELL and PIPER, JJ., concur.