[Cite as *State ex rel. Union Twp. v. Union Twp. Professional Firefighters, IAFF Loc. 3412*, 2014-Ohio-1582.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

STATE EX REL. UNION TOWNSHIP,      :
CLERMONT COUNTY, OHIO,

                                 :       CASE NO. CA2013-08-064

       Relators-Appellees,

                                 :         O P I N I O N
                                               4/14/2014

     - vs -                            :

                                                :

UNION TOWNSHIP PROFESSIONAL
FIREFIGHTERS, IAFF LOC. 3412.       :

       Respondent-Appellant.         :

CIVIL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012CVH00693

Schroeder, Maundrell, Barbiere & Powers, Lawrence E. Barbiere, 5300 Socialville-Foster Road, Suite 200, Mason, Ohio 45040, for relators-appellees

Livorno and Arnett Co., LPA, Henry A. Arnett, 1335 Dublin Road, Suite 108-B, Columbus, Ohio 43215, for respondent-appellant

**RINGLAND, P.J.**

{¶ 1} Respondent-appellant, Union Township Professional Firefighters, IAFF Local 3412 (IAFF Local 3412), appeal a decision of the Clermont County Court of Common Pleas granting a writ of mandamus in favor of relators-appellees, Union Township and the Union Township Board of Trustees (Union Township), ordering IAFF Local 3412 to sign a collective

bargaining agreement.

{¶ 2}   This case is before this court for a second time on appeal.  The following facts were originally set forth in *State ex rel. Union Twp. v. Union Twp. Prof. Firefighters, IAFF Loc. 3412*, 12th Dist. Clermont No. CA2012-09-067, 2013-Ohio-1611 (*IAFF Loc. 3412 I*):

> Union Township and IAFF Local 3412 entered into a collective bargaining process, whereby the parties hoped to reach a contract governing the terms of the employment relationship between Union Township and its firefighters, lieutenants, and captains. However, the parties were not able to reach an agreement. According to R.C. 4117.14, the parties submitted their dispute to a conciliator appointed by the State Employment Relations Board (SERB).
>
> The conciliator held a hearing on October 11, 2011, during which both parties were represented and offered evidence in support of their respective last and final offers. The conciliator then filed a report and recommendation, ordering that IAFF Local 3412's final offers be accepted regarding wages, sick leave, and staffing, and that Union Township's final offers be accepted regarding safety and hours of work/overtime.

Specifically, the conciliator awarded a one percent wage increase to IAFF Local 3412.  The wage increase was made retroactive to January 1, 2011, based on a retroactivity clause agreed to by the parties.  The conciliator also changed the standard number of hours for a continuous operation employee from 2,600 to 2,756 hours.

{¶ 3}   Pursuant to R.C. 4117.14(H), Union Township filed a motion to vacate the conciliator's order in the Clermont County Court of Common Pleas.  *Union Twp. Bd. of Trustees v. The Union Twp. Prof. Firefighters, IAFF Local 3412*, Clermont C.P. No. 2012-CVH-0090 (Mar. 14, 2012) (*U.T. Trustees*).[1]  Union Township requested the court vacate, modify, or correct the portion of the conciliator's order which awarded a one percent wage increase retroactive to January 1, 2011.  The motion was denied by Judge Herman.

---

1. Final offer settlement awards made under Chapter 4117 are subject to and reviewable by the trial court as provided in Chapter 2711, related to arbitration awards.  R.C. 4117.14(G)(8) and (H).

{¶ 4} Union Township then prepared a collective bargaining agreement consistent with the conciliator's orders issued on October 26, 2011 (Agreement), and indicated it was willing to execute the Agreement. However, IAFF Local 3412 refused to sign the Agreement.

{¶ 5} In response, Union Township filed two actions. Union Township first filed an unfair labor practice claim against IAFF Local 3412 with SERB claiming IAFF Local 3412 engaged in an unfair labor practice by not signing the Agreement.

{¶ 6} Union Township also filed the instant action, a complaint for a writ of mandamus with the trial court. In its complaint, Union Township asked the trial court to command IAFF Local 3412 to sign the Agreement. IAFF Local 3412 moved to dismiss Union Township's complaint. The trial court denied the motion. IAFF Local 3412 then filed its answer. Based on the admissions included in IAFF Local 3412's answer, Union Township filed a motion for judgment on the pleadings. Upon review of the pleadings, the trial court dismissed Union Township's mandamus complaint, finding it lacked jurisdiction because SERB had exclusive jurisdiction over the matter based on the unfair labor practice complaint filed with SERB.

{¶ 7} Union Township appealed the trial court's decision. *See IAFF Loc. 3412 I*, 2013-Ohio-1611. On appeal, this court reversed the decision of the trial court holding "the trial court has the jurisdiction to determine whether Union Township is entitled to a writ of mandamus." *IAFF Loc. 3412 I* at ¶ 18. Accordingly, the matter was remanded to the trial court to rule on the merits of Union Township's writ of mandamus.

{¶ 8} On remand, the trial court considered Union Township's original motion on the pleadings. The trial court concluded that both the one percent wage increase and the increase in annual hours from 2,600 to 2,756 awarded by the conciliator were retroactive to January 1, 2011. The trial court granted the writ of mandamus and ordered IAFF Local 3412 to sign the Agreement. IAFF Local 3412 now appeals the trial court's decision, raising the

following assignment of error:

{¶ 9} THE TRIAL COURT ERRED IN GRANTING THE RELATORS' MOTION FOR JUDGMENT ON THE PLEADINGS.

{¶ 10} In its sole assignment of error, IAFF Local 3412 challenges the trial court's decision granting Union Township's motion for judgment on the pleadings and the resulting writ of mandamus and argues that the trial court erred as: (1) the trial court lacked jurisdiction to grant the writ of mandamus; (2) Union Township was barred under the doctrine of collateral estoppel or issue preclusion from arguing that the increase in hours worked should be applied retroactively; (3) mandamus should not lie against a private entity such as IAFF Local 3412; and (4) Union Township had an adequate legal remedy such that a mandamus action was inappropriate.

{¶ 11} An appellate court reviews a trial court's decision on a Civ.R. 12(C) motion for judgment on the pleadings de novo. *J.H. v. Hamilton City School Dist.*, 12th Dist. Butler No. CA2012-11-236, 2013-Ohio-2967, ¶ 8. Civ.R. 12(C) motions are specifically reserved for resolving questions of law and may be filed "[a]fter the pleadings are closed but within such time as not to delay the trial." *Id.* A Civ.R. 12(C) motion "requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law." *McGlothin v. Schad*, 194 Ohio App. 3d 669, 2011-Ohio-3011, ¶ 10 (12th Dist.), quoting *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570 (1996).

{¶ 12} R.C. 2731.01 defines mandamus as "a writ * * * commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station." In order to be entitled to a writ of mandamus, the relator must show (1) a clear legal right to relief, (2) a clear legal duty on the part of the respondent to perform the requested act, and (3) no plain and adequate remedy in the ordinary course of law. *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978); *State ex rel. Am. Legion Post 25 v. Ohio Rights*

- 4 -

*Comm.*, 12th Dist. Fayette No. CA2006-01-006, 2006-Ohio-5509, ¶ 38. The court must determine, in its sound discretion, whether mandamus is warranted under all the circumstances. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967), paragraph seven of the syllabus.

## A. Trial Court's Jurisdiction

{¶ 13} IAFF Local 3412 once again asserts the trial court lacked jurisdiction to issue the writ of mandamus. Although this court found the issue raised in the mandamus action was different from the issue raised before SERB, IAFF Local 3412 maintains "it is now apparent that the issues were exactly the same." IAFF Local 3412 asserts that exclusive jurisdiction rests with SERB because the complaint for writ of mandamus alleges conduct that would constitute an unfair labor practice and because Union Township's claims are "solely based upon Revised Code Chapter 4117."

{¶ 14} In the present case, any arguments related to the trial court's subject matter jurisdiction are barred by the doctrine of the law of the case. "The law-of-the-case doctrine is rooted in principles of res judicata and issue preclusion." *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 35. Pursuant to this doctrine, the "decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels." *Brackett v. Moler Raceway Park, L.L.C.*, 12th Dist. Brown No. CA2012-06-009, 2013-Ohio-1102, ¶ 8, quoting *City of Hubbard ex rel. Creed, Admr. v. Sauline*, 74 Ohio St.3d 402, 404 (1996). "Absent extraordinary circumstances, such as an intervening decision by the Ohio Supreme Court, an inferior court has no discretion to disregard the mandate of a superior court in a prior appeal in the same case." *Roush v. Brown*, 12th Dist. Butler No. CA2009-09-225, 2010-Ohio-1520, ¶ 15.

{¶ 15} In our prior decision, this court expressly found that the trial court had subject

matter jurisdiction to determine whether Union Township was entitled to the writ of mandamus. *IAFF Loc. 3412 I* at ¶ 18. In so holding, this court considered and rejected each of the arguments now advanced by IAFF Local 3412 regarding the trial court's alleged lack of jurisdiction. *See IAFF Loc. 3412 I* at ¶ 11-12.

{¶ 16} As this court has previously decided the trial court had jurisdiction over this matter, and there were no extraordinary circumstances which would permit the trial court to disregard this holding, we find the trial court had jurisdiction to issue the writ of mandamus in this case. *See IAFF Loc. 3412 I* at ¶ 8-18.

### B. Collateral Estoppel

{¶ 17} IAFF Local 3412 also asserts Union Township is barred by collateral estoppel from arguing that the change in hours should be applied retroactively to January 1, 2011. IAFF Local 3412 contends that two other tribunals, SERB and Judge Herman, previously considered the issue of retroactivity and found that the increase in the number of hours could not be applied retroactive to January 1, 2011.

{¶ 18} Collateral estoppel "preclu[des] the relitigation in a second action of an issue or issues that have been actually and necessarily litigated and determined in a prior action." *Providence Manor Homeowners Assn., Inc. v. Rogers*, 12th Dist. Butler No. CA2011-10-189, 2012-Ohio-3532, ¶ 40, quoting *Goodson v. McDonough Power Equip., Inc.*, 2 Ohio St.3d 193, 195 (1983). To successfully assert collateral estoppel, a party must plead and prove that: (1) the party against whom estoppel is sought was a party or in privity with a party to the prior action; (2) there was a final judgment on the merits in the previous case after a full and fair opportunity to litigate the issue; (3) the issue must have been tried and decided and must be necessary to the final judgment; and (4) the issue must have been identical to the issue involved in the prior suit. *DLK Co. of Ohio v. Meece*, 12th Dist. Warren No. CA2012-07-060, 2013-Ohio-860, ¶ 41.

{¶ 19} As an initial matter, we note IAFF Local 3412 did not argue to the trial court that Union Township's suit was precluded because the issue of retroactivity was decided by SERB. In fact, SERB's decision, which IAFF Local 3412 argues bars the instant matter, was not filed with the trial court. Accordingly, as this issue was not raised below, IAFF Local 3412 has waived such argument on appeal. *See State ex rel. Quarto Mining Co. v. Foreman*, 79 Ohio St.3d 78, 81 (1997).

{¶ 20} IAFF Local 3412's assertion that the instant matter is barred because the issue of retroactivity was decided in the proceeding before Judge Herman is properly before this court. In the proceeding before Judge Herman, Union Township argued the conciliator's order should be vacated, modified, or corrected because the conciliator exceeded his authority when he awarded the retroactive one percent wage increase. Union Township asserted IAFF Local 3412 had repudiated the retroactivity provision in an agreement entered into by the parties by refusing to implement the change in hours worked, and therefore the conciliator did not have the authority to make the wage increase retroactive. *See* R.C. 4117.14(D) and (G)(11). Judge Herman disagreed, finding it was "impossible" to perform the increased hours in 2011 as the conciliator's decision was not issued until October 2011, and therefore, IAFF Local 3412 did not repudiate the agreement. Accordingly, Judge Herman found the conciliator had the authority to order the retroactive wage increase and denied Union Township's motion.

{¶ 21} From a review of Judge Herman's decision, there is no indication that Union Township asserted any arguments with regards to the retroactive nature of the increase in the number of hours worked. Rather, the sole issue Union Township sought to have modified or vacated by way of that action was the retroactive nature of the one percent wage increase. While the court mentioned that it was "impossible" for the firefighters to perform the increased hours in 2011, there was no finding with regards to whether the standard number

of hours worked should be applied retroactively. Therefore, we cannot say the issue of the retroactivity of hours worked was tried, decided, and necessary to the final judgment before Judge Herman.

{¶ 22} In addition, the issue before the trial court below and the court in *U.T. Trustees* is not identical. The issue before the trial court in this action was whether IAFF Local 3412 should be compelled to sign the Agreement that incorporated the conciliator's order. In the proceeding before Judge Herman in *U.T. Trustees*, the issue was whether the conciliator had exceeded his authority in issuing the order. In *U.T. Trustee*s, the trial court essentially affirmed the order of the conciliator. In the current proceeding, Union Township is merely attempting to enforce the order that was confirmed in *U.T. Trustees*.

{¶ 23} As IAFF Local 3412 has failed to show that the issue of the retroactive nature of the standard hours for continuous operation employees was tried and decided by Judge Herman in *U.T. Trustees* or that the issue in the two proceedings was identical, we find it failed to establish Union Township was barred under the doctrine of collateral estoppel from arguing that the increase in hours worked should be applied retroactively. Therefore, the trial court was free to consider and decide whether the increase in hours worked, as ordered by the conciliator, would apply retroactively.

### C. Mandamus Action

{¶ 24} Finally, IAFF challenges the merits of the mandamus action. IAFF Local 3412 contends that a mandamus action was inappropriate in the instant matter as it is a private entity and Union Township had an adequate legal remedy.

{¶ 25} IAFF Local 3412 contends that mandamus is an action to force public officials to comply with their duty, and therefore, a mandamus action is not applicable to a private entity such as IAFF Local 3412. IAFF Local 3412 is correct, "[m]andamus will not lie to enforce a private right against a private person." *State ex rel. Pressley v. Indus. Comm.* 11

Ohio St.2d 141, (1967), paragraph eight of the syllabus. However, mandamus will lie to compel the performance of an act which is clearly enjoyed by law upon a respondent. *State ex rel. Freeman v. Valentine*, 25 Ohio St.2d 184 (1971). In the present case, Union Township is not attempting to enforce a private right. Rather, Union Township is seeking to enforce performance of an act by IAFF Local 3412 which is required by law.

{¶ 26} R.C. 4117.14 specifically provides that a party may enforce a conciliation award. *IAFF Loc. 3412 I* at ¶ 9. In addition, R.C. 4117.14(I) states, "[t]he issuance of a final offer settlement award constitutes a binding mandate to the public employer *and the exclusive representative* to take whatever actions are necessary to implement the award." (Emphasis sic.) IAFF Local 3412 is the exclusive representative of "all firefighters, lieutenants and captains employed by Union Township who work in Union Township's Fire Department." Therefore, it is by virtue of the parties' relationship as a public employer and the exclusive representative of these public employees that compels IAFF Local 3412 to act. Union Township is simply attempting to enforce the conciliation award and is taking the necessary actions to implement the award by requesting the court to order IAFF Local 3412 to sign the Agreement.

{¶ 27} IAFF Local 3412 also contends that mandamus was inappropriate as Union Township had an adequate remedy at law. IAFF Local 3412 asserts that Union Township had, and availed itself to, an available and adequate remedy at law by way of the unfair labor practice complaint before SERB.

{¶ 28} As mentioned above, "[i]n order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law." *State ex rel. Harris v. Rhodes*, 54 Ohio St.2d 41, 42 (1978). In order to be considered an adequate legal remedy, the alternative remedy must

be "complete, beneficial, and speedy." *State ex rel. Am. Legion Post 25 v. Ohio Rights Comm.*, 12th Dist. Fayette No. CA2006-01-006, 2006-Ohio-5509, ¶ 55, quoting *State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Bur. of Workers' Comp.*, 108 Ohio St.3d 432, 2006-Ohio-1327, ¶ 54.

{¶ 29} In the present case, Union Township's request for relief was for IAFF Local 3412 to be commanded to immediately sign the Agreement in accordance with its clear legal duty pursuant to R.C. 4117.14. This Agreement incorporates the conciliator's order which resulted from the conciliation process under R.C. 4117.14. Pursuant to R.C. 4117.14(I), "the issuance of a final offer settlement award constitutes a binding mandate to the public employer *and the exclusive representative* to take whatever actions are necessary to implement the award." In addition, R.C. 4117.09(A) requires parties to a collective bargaining agreement to reduce their agreement to writing and execute it. Accordingly, these statutory provisions provide a clear legal duty upon both Union Township and IAFF Local 3412 to execute the Agreement. *See IAFF Loc. 3412 I* at ¶ 16.

{¶ 30} IAFF Local 3412 asserts that the proceedings before SERB represented an adequate legal remedy, and therefore Union Township was not entitled to a writ of mandamus. However, the remedies presented by the proceedings before SERB and before the trial court are "two different remedies [which] are not interdependent upon one another, nor do they depend upon a preliminary finding by either SERB or the trial court." *IAFF Loc. 3412 I* at ¶ 15. Union Township was requesting a specific finding and determination from SERB and a specific finding and determination from the trial court. *Id.* "By filing its mandamus claim with the common pleas court, Union Township asked the trial court to compel IAFF Local 3412 to sign the Agreement, which was a completely separate and distinct request from asking SERB to declare IAFF Local 3412's refusal to sign an unfair labor practice." *Id.* at ¶ 12. Accordingly, under the facts of this case, as there is no indication

that Union Township's unfair labor practice charge before SERB can rectify IAFF Local 3412's repeated refusal to comply with the conciliation process and sign the award, this remedy is not complete, and therefore it is not an adequate remedy.

{¶ 31} Based on the foregoing, the trial court did not err in granting Union Township's motion for judgment on the pleadings and issuing a writ of mandamus commanding IAFF Local 3412 to sign the Agreement. IAFF Local 3412's sole assignment of error is overruled.

{¶ 32} Judgment affirmed.

HENDRICKSON and PIPER, JJ., concur.